IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                  2:18-cr-61

Priscilla Sue Jimenez

ORDER

On October 25, 2018, defendant was sentenced to a term of incarceration of eighty-four months on Count 1 of the indictment, which charged her with possession with the intent to distribute over one kilogram of heroin in violation fo 21 U.S.C. §841(a)(1). This matter is before the court on the defendant's motion for a reduction of sentence based on post-sentencing rehabilitation.

Under 18 U.S.C. §3582(c), this court may not modify a term of imprisonment once it has been imposed except under certain limited circumstances, none of which are applicable in this case. Defendant relies on 18 U.S.C. §3742(e). However, that section outlines the factors which a court of appeals must consider in reviewing a defendant's sentence on appeal. It does not relate to the reduction of a sentence due to post-sentence rehabilitation.

Likewise, the cases relied on by defendant concern the district court's ability to consider post-offense rehabilitation when re-sentencing a defendant after remand of a defendant's case by a court of appeals. See, e.g., Pepper v. United States, 562 U.S. 476, 490 (2011)(when defendant's sentence has been set aside on appeal and the case has been remanded, the district court may consider evidence of defendant's rehabilitation since the prior sentencing). Here, defendant's sentence has not been reversed on appeal.

This court lacks the authority to reconsider or reduce

defendant's sentence based on the authorities she has cited, and the motion for reconsideration (Doc. 37) is denied.

Date: July 2, 2021              s\James L. Graham
                                          James L. Graham
                                          United States District Judge