IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                    Case No. 2:18-cr-61

Priscilla Sue Jimenez

OPINION AND ORDER

    Defendant pleaded guilty to possession with the intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §841(a)(1). By judgment entered on October 25, 2018, she was sentenced to a term of incarceration of 84 months, to be followed by a 5-year term of supervised release. The Bureau of Prisons ("BOP") reports that her projected release date from the institution is March 20, 2023. See www.bop.gov/inmateloc/ (last visited September 9, 2021).

    On July 29, 2021, defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act of 2018, due to COVID-19. Doc. 39. Counsel was appointed to represent the defendant, and filed a supplemental motion on August 27, 2021. Doc. 42. The government filed a response on August 30, 2021. Doc. 43. The government did not contest that defendant exhausted her administrative remedies as required under §3582(c)(1)(A). The government does not oppose the motion for early release.

I. Standards for Compassionate Release

    Under 18 U.S.C. §3582(c)(1)(A)(i), the court can reduce a sentence under §3582(c)(1)(A) if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. §3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling"

reason. See United States v. Jones, 980 F.3d 1109, 1111 (6th Cir. Nov. 20, 2020). The court must also consider the factors set forth in 18 U.S.C. §3553(a) to the extent that they are applicable. §3582(c)(1)(A). If, after weighing the §3553(a) factors, the court decides that the motion is well taken, the court "may reduce the term of imprisonment[.]" §3582(c)(1)(A). The grant of compassionate release is at the discretion of the court. United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020).

II. Reasons for Compassionate Release

A. Medical Conditions

Defendant, who is 28 years old, asserted in her pro se motion that her early release is warranted because her medical conditions are not being adequately addressed at the institution. In the supplemental motion, defense counsel argues that defendant is particularly at risk of serious illness because of her medical conditions if she contracts COVID-19.

The court has reviewed the medical records submitted by defendant, which reflect treatment for various physical and mental conditions. The records reveal that defendant is being effectively treated with medications and diagnostic tests for these conditions, and that the BOP is adequately addressing plaintiff's medical conditions, which do not appear to be severe.

As to the risk posed by COVID-19, plaintiff notes that she is obese (as of March 31, 2021, her weight was 196 pounds, and her height was 5 feet). According to the Centers for Disease Control ("CDC"), persons with severe obesity are at an increased risk of severe symptoms if they contract COVID-19. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html (last visited September 9, 2021). However, the medical records do not report any adverse physical problems specifically linked to the defendant's weight. See United States v. Tranter, 471 F. Supp.3d 861, 865 (N.D. Ind. July 8, 2020)(noting that BMI is "a notoriously blunt tool" with clinical limitations, including its inability to differentiate between excess fat, muscle and bone mass, and that defendant had not identified any current medical issues resulting from his obesity, indicating that it has little adverse effect on his overall health). In his June 29, 2020, response to defendant's request for compassionate release, the warden noted that defendant is medically stable and is able to care for herself, and that she has no work restrictions. Doc. 39, p. 9.

Defendant notes that she has asthma. The CDC has noted that persons with moderate to severe asthma can be more likely to become seriously ill with COVID-19. The medical records show that she had an asthma attack on or about December 11, 2020, and that an inhaler was prescribed. Doc. 39-1, pp. 81-82. Other records show that defendant's moderate asthma has been treated with an inhaler. Doc. 39-1, pp. 9, 33. These records do not show that defendant is currently suffering any significant symptoms as the result of her asthma. It was noted in the PSR that defendant refused medication for inhalation while incarcerated at the jail pending the resolution of her federal case.

The CDC has recognized that persons with diabetes can become seriously ill with COVID-19. The presentence investigation report ("PSR") indicated that plaintiff experienced gestational diabetes during her four pregnancies and was considered at risk for

3

developing diabetes. However, the records from the BOP show that as of January 24, 2019, the Type II diabetes issue was "resolved." Doc. 39-1, p. 14. The BOP medical records reflect no other diagnosis of or treatment for diabetes.

The CDC has also observed that having a substance abuse disorder can make a person more likely to experience serious illness from COVID-19. The PSR indicated that defendant has a history of substance abuse, including the use of alcohol, marijuana, and methamphetamine. However, there is no indication that the defendant has used any of these substances while incarcerated, nor is there any evidence that the past abuse of substances will increase a person's risk for serious illness.

The record shows that defendant received the COVID vaccine in March of 2021. The BOP reports that at FCI Hazelton, 393 staff and 2061 inmates at FCI Hazelton have been fully vaccinated, 4 inmates and no staff members have currently tested positive for COVID-19, and 129 inmates and 79 staff members have recovered. See https://www.bop.gov/coronavirus (last checked September 9, 2021). These statistics show that, historically, there has been a relatively low incidence of COVID-19 at FCI Hazelton. Although defendant raises the threat of the Delta COVID-19 variant, the Delta variant is also surging through the general population. Considering that only 4 inmates at FCI Hazelton are currently positive for COVID-19, defendant may be safer in the institution than she would be if released. Defendant's medical conditions, even when considered in light of COVID-19, are not sufficient to constitute an extraordinary reason for her early release.

B. Death of Defendant's Spouse

Defendant also relies on the fact that Giovanni Levya, the

4

father of her two sons, passed away in December of 2020. Under the United States Sentencing Guidelines, §1B1.13 and Application Note 1(C)(i), extraordinary circumstances for compassionate release exist in the event of the death of the caregiver of the defendant's minor children. The Sixth Circuit has held that the policy statements do not apply to cases in which an inmate files a motion for compassionate release, and that district courts have full discretion to define what constitutes an "extraordinary and compelling" reason. See Jones, 980 F.3d at 1108-11. Therefore, district courts need not consider §1B1.13 in ruling on a motion for compassionate release filed by an inmate. United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021). Although a district court cannot proceed as though §1B1.13 constrains its analysis of what constitutes an extraordinary and compelling reason, the court can still look to §1B1.13 as relevant even though it is no longer binding. United States v. Tomes, 990 F.3d 500, 503, n. 1 (6th Cir. 2021).

At the time the PSR was prepared, defendant reported that her two sons resided with Levya, and that her daughter lived with her paternal grandparents, as the father of that child was in jail for robbery. Defendant argues that her release is warranted so that she can care for her children. Although the court is concerned about whether defendant is prepared to be a suitable caregiver for her children in light of her past substance abuse and mental health problems, the court will consider Levya's death in determining whether an extraordinary reason for defendant's release has been shown.

C. Post-Offense Rehabilitation

Defendant also notes her efforts at rehabilitation, relying on

the classes she has taken at the institution, including courses aimed at obtaining a GED. Rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for compassionate release. See 28 U.S.C. §994(t)("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). However, rehabilitation may be considered along with other circumstances in deciding whether extraordinary and compelling reasons for early release exist. See United States v. Daley, 484 F.Supp.3d 1171, 1175 (M.D. Fla. 2020). The record reveals that defendant has taken approximately 25 classes, including GED classes and one 12-hour drug abuse class. This record in itself is not extraordinary, but the court will consider this information in conjunction with defendant's other grounds for early release.

D. Conclusion

Based on the particular facts and circumstances before the court, including the lack of opposition by the government, the court concludes that the death of the parent caregiver of defendant's minor children and defendant's efforts at rehabilitation, considered together, are sufficient to constitute an extraordinary reason for early release in this case.

III. §3553(a) Factors

The court must also address the applicable §3553(a) factors. The offense in this case was serious. Defendant possessed with the intent to distribute 2.2753 kilograms of heroin, a dangerous and addictive drug. Defendant was acting as a courier, bringing the heroin to Columbus, Ohio. In calculating defendant's sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), the probation officer applied a two-level reduction for minor role.

As to the history and characteristics of the defendant, at the time of her conviction for the offense in this case, defendant was in Criminal History Category III. The instant case was her first felony conviction, committed at the age of 25. She had four convictions for petty theft and a conviction for the unlawful taking of a motor vehicle. She received two criminal history points because she was on supervision as the result of two state court convictions at the time she committed the instant offense. The probation officer calculated that defendant was at a total offense level 25, with a range of 70-87 months if the mandatory minimum term did not apply. However, the government correctly observes that the safety valve provision, 18 U.S.C. §3553(f)(1), was later amended, although not retroactively, to relax the requirements for qualifying for safety valve status. If defendant were sentenced today, she would qualify under the safety valve and would receive a further 2-level decrease under U.S.S.G. §2D1.1(b)(1), resulting in a total offense level 23, with a range of 57-71 months.

Defendant had a difficult childhood. The PSR reported that defendant's mother was an alcoholic and drug user, and that her parents were aggressive with each other. Her parents separated when defendant was 9 years old, and she lived with different family members and then with a friend until she was 18 years old. Defendant has a history of substance abuse, including alcohol, marijuana and methamphetamine, as well as mental illness, including depression, anxiety, borderline personality, histrionic and antisocial personality disorders. However, defendant has completed a 12-hour substance abuse course. If released, defendant plans on residing with her father.

Since her arrest on February 8, 2018, defendant has served a little over 3-1/2 years, about 1/2 of the imposed sentence. The court finds that a reduced sentence would be sufficient in this case to reflect the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from more crimes by the defendant. The court concludes that the §3553(a) factors warrant granting defendant's motion for a reduced sentence.

IV. Conclusion

In accordance with the foregoing, defendant's motion and supplemental motion for a reduced sentence (Doc. 39, 42) are granted. The term of incarceration previously imposed on Count 1 is hereby reduced to a term of time served. The court orders that the defendant shall be released from custody. This order is stayed for fourteen days from the date of this order to facilitate the BOP's ability to quarantine defendant to protect the community from the potential spread of COVID-19. Upon her release, defendant will begin to serve the 5-year term of supervised release previously imposed in this case.

Defendant is instructed that she must report to the probation office within 72 hours of her release from imprisonment, unless the probation officer instructs her to report to a different probation office or within a different time frame. Defendant shall call the Probation Office at (614)-719-3100 to receive instructions on how to report.

Date: September 9, 2021         s/James L. Graham
                                James L. Graham
                                United States District Judge

8